VANESSA JARVIS, State Bar No. 201585
JARVIS LAW OFFICES
2642 Chestnut Avenue
Long Beach CA 90806
Telephone: 562.333.6162
Telephone: 562.333.6522
vjarvis@jarvislawoffices.com

Attorneys for Plaintiff
FREDERICK E. STEMME

ANGEL GOMEZ, State Bar No. 74476
RHEA G. MARIANO, State Bar No. 204469
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone: 310.556.8861
Telephone: 310.553.2165
agomez@ebglaw.com

Attorneys for Defendant
U.S. TELEPACIFIC CORP., a California
corporation dba Telepacific Communications,
erroneously sued as U.S. Telepacific
Corporation dba TelePacific Communications.,
erroneously sued as U.S. TELEPACIFC
CORPORATION dba Telepacific
Communications

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. STEMME, | CASE NO. CV10-1069 DDP (RZx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| U.S. TELEPACIFIC CORPORATION DBA TelePacific Communications, and DOES 1 through 30, inclusive, | Complaint Filed: 1/10/10<br>Discovery Cut-Off: 4/29/11<br>Final Pretrial Conference: 7/18/11<br>Trial Date: 7/26/11 |
| Defendants. | |

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

1    Plaintiff Frederick E. Stemme ("Plaintiff") and Defendant U.S. TelePacific
2  Corp., a California corporation dba TelePacific Communications ("Defendant"),
3  erroneously sued as U.S. TelePacific Corporation (collectively the "Parties"), by
4  and through their respective counsel, hereby enter into this stipulation with
5  reference to the following facts:
6    WHEREAS, Plaintiff contends that he was terminated in violation of the
7  Family Medical Leave Act, Title VII of the Civil Rights Act, Americans with
8  Disabilities Act, and public policy, and contends that Defendant violated California
9  Labor Code laws with respect to his employment and compensation;
10    WHEREAS, Plaintiff has requested production of leave of absence records,
11  compensation and other employment information for all former and current
12  employees of Defendant who were employed in Plaintiff's former worksite;
13    WHEREAS, third-party employment files, third-party medical information,
14  and third-party financial information are within a recognized zone of privacy;
15    WHEREAS, the parties desire to conduct discovery while protecting privacy
16  concerns;
17    The parties, by and through their respective counsel of record, stipulate as
18  follows:
19    1.    Certain private information and documents produced by a party to
20  another party may be designated confidential pursuant to the procedures set forth
21  herein.  Confidential information is information which has not been made public
22  and includes, but is not limited to, all information or material which is considered
23  by a producing party (Plaintiff, Defendant, or any third party) in good faith to
24  constitute or to contain third-party compensation and financial information,
25  personnel files and employment records; whether embodied in physical objects,
26  documents (email, electronically generated, stored or disseminated), or the factual
27  knowledge of persons; and which has been so designated by the producing party in
28  the manner described below;

- 2 -

2.      As to those documents, they shall be used by the party to whom such documents are produced, obtained or exchanged solely for the purposes of this litigation and for no other purpose.  If the parties disagree upon this designation, either party may move or apply for a court order removing this designation;

3.      Any documents produced or exchanged by any of the parties to this action, or any of their attorneys, and any information contained in response to interrogatories or documents produced in response to request(s) for inspection and copying of documents, or in any other discovery (including but not limited to deposition testimony and deposition exhibits, which a party believes in good faith is confidential) may be designated as confidential, and all documents and information so designated and all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order;

4.      PROVIDED, however, that counsel for the party designating information as confidential, in writing and without Court approval, may agree to release any of the Confidential Information from the requirements of this Order;

5.      A party may designate a document as confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL" or may, in the alternative, by written notice inform other counsel that the document is to be treated as Confidential Information.  Any party may also designate all or a portion of a deposition as Confidential Information by a statement on the record at the deposition identifying the portions that are designated confidential.  The designated portions are to be separately bound.

6.      The parties and their respective counsel agree to be bound by the terms of this stipulation regardless of whether the Court signs the order;

7.      Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating information as confidential, except that counsel may, without further agreement,

- 3 -

disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

a.    Attorneys and legal assistants, whether employees or independent contractors, of counsels' firms and to any other employee of counsels' firms in this action with the need to know who shall handle the Confidential Information under normal office procedure;

b.    Experts, consultants or investigators retained by the parties with respect to this action;

c.    Any officer, director, or current employee of Defendant;

d.    Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether in deposition or at trial) provided the testimony directly pertains to information or documents marked as confidential, provided the person executes an agreement to be bound by the Stipulated Protective Order in accordance with paragraph 7, and provided that only those pieces of Confidential Information that must be revealed are revealed;

8.    The Court before which this action is pending; and

9.    Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

10.    Each person referred to in subparagraphs 7(b) through 7(d) who has been shown or given access to Confidential Information, or information derived therefrom, shall sign an Undertaking, which form is attached hereto as Exhibit "A," stating that he or she has read a copy of this Order and agrees to be bound by its provision, which undertaking shall be retained by counsel for the party who provides such material or information to such person and, upon request, shall be provided to the other party;

11.    Confidential Information shall be used solely for the purpose of prosecution or defense of this action., and such documents may be used, consistently with the terms of this Order, and without limitation, in pretrial

- 4 -

1  ~~discovery and at the trial or preparation for trial and any appeals of this action.~~
2  ~~The use of the Confidential Information at trial or at depositions shall not be~~
3  ~~deemed a waiver of the protections of this Order, and the parties and their attorneys~~
4  ~~shall be required to comply with the terms of this Order other than in the~~
5  ~~presentation of evidence at trial;~~

6       12.    This Order has no effect upon, and its scope shall not extend to, any
7  party's use of its own Confidential Information;

8       13.    Producing or receiving materials or otherwise complying with the
9  terms of this Order shall not:

10          a.    Operate as an admission by any party that any particular
11  discovery material contains or reflects any Confidential Information; or

12          b.    Prejudice in any way the rights of any party to object to the
13  production of documents it considers not subject to discovery or otherwise
14  protected from or limited in discovery on the basis of privilege or otherwise; or

15          c.    Prejudice in any way the rights of a party to seek a court
16  determination whether particular discovery materials should be produced; or

17          d.    Prejudice in any way the rights of a party to apply to the Court
18  for any additional protection with respect to the confidentiality of documents or
19  information as that party may consider appropriate;

20       14.    Any party wishing to use any Confidential Information in any brief,
21  memorandum, affidavit or other paper filed with the Court shall file all such
22  affidavit(s), exhibit(s), or other paper(s), and any portion of any brief or
23  memorandum referring or alluding to said Confidential Information, under seal,
24  enclosing the document(s), excerpt(s) or exhibit(s) in a sealed envelope, labeled
25  with the caption of the case, a brief description of the contents, and a statement that
26  the envelope is sealed pursuant to this Order or as the Court orders the documents
27  to be filed;

28  ///

15.     The confidentiality provisions of this Protective Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Protective Order.  Within sixty (60) days following the final resolution of this action, all materials designated as confidential and reproductions or copies thereof, shall be returned to counsel for the party who produced said materials;

16.     Any party may at any time and for any reason seek modification of this Protective Order.  This Protective Order can be modified only by written agreement of the parties or by order of this Court.  Each party reserves the right to object to any party's motion or request to modify this Protective Order;

17.     Nothing in this Protective Order shall affect the admissibility of any evidence at trial.

///
///
///
///
///
///
///
///
///
///
///
///
///

- 6 -

15.   A facsimile signature on this Stipulation shall have the same force and effect of an original.  This stipulation may be executed in any number of copies by different parties hereto on separate counterparts, each of which shall be deemed to be an original, and all of which together shall constitute the one and the same instrument.


DATED:  April 4, 2011                    JARVIS LAW OFFICES


                                         By:   /s/ Vanessa Jarvis
                                               VANESSA JARVIS
                                               Attorney for Plaintiff
                                               FREDERICK E. STEMME


DATED:  April 7, 2011                    EPSTEIN BECKER & GREEN, P.C.


                                         By:   /s/ Angel Gomez
                                               ANGEL GOMEZ
                                               Attorneys for Defendant
                                               U.S. TELEPACIFIC CORP.
                                               erroneously sued as U.S.
                                               TelePacific Corporation dba
                                               TelePacific Communications


**GOOD CAUSE APPEARING, IT IS SO ORDERED.  However, this order shall govern only pretrial proceedings other than dispositive motions.  If protection is desired in connection with dispositive motions or trial, separate application must be made to the judge who will preside over those proceedings.**


DATED: April 18, 2011          _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hon. Ralph Zarefsky
UNITED STATES DISTRICT
MAGISTRATE JUDGE

- 8 -

**EXHIBIT "A"**

UNDERTAKING

The undersigned has read the annexed Stipulated Protective Order, understands its contents, and hereby undertakes to make no disclosures of any Confidential Information, as that term is defined in the annexed Stipulated Protective Order, to any person who is not permitted to have access to such Confidential Information by the Stipulated Protective Order.  In addition, the undersigned agrees not to use such Confidential Information for any purpose whatsoever other than in connection with this action, Case No. CV10-1069 DDP (RZx).  The undersigned agrees either to return all Confidential Information supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made therefrom, to the party producing the Confidential Information, or to destroy all copies of all Confidential Information, including any notes or other transcriptions made therefrom, within thirty (30) days of the conclusion of this action and any appeals thereof.  The undersigned understands that a violation of this undertaking could be punishable as a contempt of Court.

DATE:_____        NAME: _____
                                                 (print or type)

                                              SIGNATURE:_____

- 9 -